UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL VERNON,

    Petitioner,

v.                            Case No: 5:13-cv-517-Oc-29PRL

WARDEN, COLEMAN - MEDIUM,

    Respondent.

_____

**OPINION AND ORDER**

This case is before the Court upon review of Petitioner Paul Vernon's("Petitioner's") habeas corpus petition filed pursuant to 28 U.S.C. § 2241 (Doc. 1, filed October 21, 2013). Petitioner is an inmate currently confined at the Federal Correctional Institution in Coleman, Florida. He brings this action to challenge the 84-month sentence imposed by the United States District Court for the Southern District of Florida for his conviction for knowingly possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

After reviewing the pleadings filed in this case and in Petitioner's underlying criminal case, the Court dismisses the petition as an improper filing under 28 U.S.C. § 2241.

**I.    Background**

On August 5, 2008, Petitioner was found guilty of two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (counts one and three); one count of possession of a firearm in

furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(count two), one count of bank robbery in violation of 18 U.S.C. § 2113(a) (count four), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(count six) (SDFL Case No. 1:08-cr-20464-PCH at Doc. 68).[1] Petitioner was sentenced to concurrent prison terms of ninety-six months each on counts one, three, four, and six and to a consecutive term of eighty-four months as to count two (Cr. Doc. 74 at 20; Cr. Doc. 68 at 3). Petitioner was not sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (Cr. Doc. 74).

Petitioner did not file a direct appeal. He filed a motion to vacate his sentences pursuant to 28 U.S.C. § 2255, asserting that he had received ineffective assistance of counsel based on counsel's failure to file an appeal (Cr. Doc. 73). Petitioner voluntarily dismissed the § 2255 motion (SDFL Case No. 1:09-cv-99920-PCH at 14).

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on October 21, 2013 (Doc. 1). Petitioner argues that the 84 month sentence he received on count two was "unconstitutionally enhanced, based on priors that violate his constitutional rights not be enhanced on those priors." (Doc. 1 at 3). Petitioner relies on the United States Supreme Court's holdings in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013); <u>Gideon v.</u>

---

[1] References to docket entries in Petitioner's underlying criminal case (SDFL Case No. 1:08-cr-20464-PCH) will be cited as (Cr. Doc. ___).

Wainwright, 372 U.S. 335 (1963); Mullaney v. Wilbur, 421 U.S. 684, 698 (1975); and Ashwander v. TVA, 297 U.S. 288, 346-47 (1936) in support of his petition (Doc. 1 at 13). Petitioner also appears to argue that two prior convictions used to enhance his base offense level violate the rules of Descamps v. United States, 133 S. Ct. 2276 (2013) (Doc. 1 at 17). Petitioner asks this Court to vacate his sentence and order the case back to the district court for resentencing. Id. at 18.

Respondent contends that this Court lacks jurisdiction to address Petitioner's claims because Petitioner was not sentenced in excess of the statutory maximum for his crimes of conviction (Doc. 7 at 2). Respondent also asserts that Petitioner is not entitled to relief because he procedurally defaulted his arguments by failing to raise them in the district court at sentencing, on direct appeal, or in his § 2255 motion. Id. at 2-3.

**II. Analysis**

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims that it was improperly enhanced. Ordinarily, an action in which an individual seeks to collaterally attack his conviction or sentence should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326

F.3d 1363, 1365 (11th Cir. 2003). However, Petitioner voluntarily dismissed his previous § 2255 motion, and Petitioner may not file another § 2255 motion because the time for doing so has expired. See 28 U.S.C. § 2255(f) (a one-year statute of limitation applies to 28 U.S.C. § 2255 motions).

Because Petitioner is barred from filing another § 2255 motion, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Title 28 U.S.C. § 2255(e) (the "savings clause") expressly limits the circumstances under which a § 2241 motion may be filed.

> **a.   *The savings clause provision of 28 U.S.C. § 2255(e) has limited application to claims of sentencing error***

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added).

Where, as here, a petitioner challenges only a "fundamental defect in sentencing," he must show the following before he may invoke § 2255(e)'s saving clause: (1) throughout his sentencing,

direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; and (4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. Bryant v. Warden, FCC Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013) (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)). This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.").

Applying the Bryant factors to Petitioner's claim, this Court concludes that he has not met the threshold requirements for opening a portal to § 2241 review. Specifically, Petitioner was not sentenced in excess of the statutory maximum for the crime of which he was convicted.

### b.  *Petitioner was not sentenced in excess of the statutory maximum for his crime of conviction*

In Gilbert v. United States, the Eleventh Circuit defined the "statutory maximum sentence" as the "punishment ceiling beyond which no defendant convicted for committing that particular crime may be sentenced regardless of the circumstances of the crime, regardless of the defendant's history, and regardless of the sentencing guidelines." 640 F.3d at 1306.  In Bryant, the Eleventh Circuit recognized that there is a "significant distinction" between a sentence that exceeds the statutory maximum and a sentence that, "although enhanced by application of mandatory sentencing guidelines, remains within the permitted statutory maximum penalty." 738 F.3d at 1284.  The court concluded that statutory maximum sentences "take precedent" over sentences set forth in the sentencing guidelines because they are "more bedrock, fundamental features of sentences." Id. at 1285.

Petitioner challenges the 84-month sentence he received for his conviction on one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(Doc. 1 at 3).[2]

---

[2] Although convicted and sentenced on five separate counts, Petitioner does not challenge the convictions or the four 96-month concurrent sentences imposed in his bank robbery and felon-in-possession counts (Doc. 1 at 3, 15-16). However, the Court notes that the sentences he received on those counts were also not in excess of the statutory maximum sentences for those crimes. See 18 U.S.C. §§ 2113(a) and (d) (setting the maximum prison sentences for bank robbery and armed bank robbery at twenty and twenty-five years

This count carried a mandatory minimum sentence of five years in prison and a statutory maximum of life in prison. See 18 U.S.C. § 924(c)(1)(A); United States v. Estrella, 518 F. App'x 822, 827 (11th Cir. 2013)("All § 924(c) convictions carry 'a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under.'")(citing United States v. Gray, 260 F.3d 1267, 1281 (11th Cir. 2001); United States v. Pounds, 230 F.3d 1317, 1319-20 (11th Cir. 2000)).

Because Petitioner received a sentence of 84 months for his conviction under § 924(c), he was not sentenced in excess of the statutory maximum of life in prison, and he cannot bring this claim under the savings clause. See Gilbert 640 F.3d at 1323 ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim . . . that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."; Bryant, 738 F.3d at 1288 ("[A]ny challenge to a sentence that is already *below* the statutory maximum could not open the § 2255(e) portal.") (emphasis in original).

### III. Conclusion

Because Petitioner was not sentenced in excess of the statutory maximum for his crime of conviction, he cannot bring this claim under

---

respectively); 18 U.S.C. § 924(a)(2) (possession of a firearm by a felon carries a statutory maximum of ten years in prison).

the savings clause of 28 U.S.C. § 2255(e), and this Court lacks jurisdiction to consider the petition.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Paul Vernon is **DISMISSED** as an improper filing under § 2241; and

2. The **Clerk of Court** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __1st__ day of May, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Paul Vernon
Counsel of Record